**Claim of Larry D. BENCH, Claimant-Appellant,**

v.

**ESTATE of James EGAN, Deceased, Horace T. Robinson, Administrator, and Estate of Bessie Egan, Deceased, David Donnelly, Administrator, with will annexed, Defendants-Respondents.**

**No. 49466.**

Supreme Court of Missouri,

Division No. 1.

Jan. 14, 1963.

J. W. Grossenheider, Lebanon, for appellant.

Claude T. Wood, Richland, Donnelly & Donnelly, Lebanon, for respondents.

DALTON, Presiding Judge.

This is an appeal by claimant from the order and judgment of the Circuit Court of Pulaski County dismissing two claims originally filed by claimant in the probate court of said county and thereafter removed, on motion of claimant, to the circuit court of said county.

Each claim was for $20,000 and purported to be based upon a breach of contract of lease between decedents and claimant. The original claims were identical except for the name of the estate against which they were filed. In the circuit court the claims were consolidated for hearing and disposition. Claimant, thereafter, filed a request for admissions and the respective defend-

ants filed motions to dismiss the claims on the ground of failure to state a claim upon which relief could be granted.

Thereafter, claimant filed a motion in each case requesting leave to file a first amended petition. The motions were sustained, and amended claims were filed against the respective estates. On the same day, the court sustained a portion of the objections to the request for admissions and overruled the balance. Thereafter, the respondents filed answers to the requests for admissions and also filed a motion to dismiss claimant's *first amended claim* on the ground (1) that said claim failed to state a claim upon which relief could be granted; and (2) that claimant's first amended claim was barred under the provisions of Section 473.360 RSMo 1959, V.A.M.S. The court thereafter sustained respondents' motion to dismiss appellant's first amended claim against each estate "on the ground that the original claim sought to be amended did not state any ·fact or facts sufficient to support amendment," and dismissed the appellant's claims.

The original claim filed against the James Egan Estate was (caption, signature and jurat omitted), as follows: *"Larry S. Bench,* being duly sworn, states on oath that there is due *him* from the estate of *James Egan,* Deceased, Incompetent, Minor, the sum of $ 20,000.00 on account of *breach of contract of lease, said contract being that drawn between James & Bessie Egan and Larry S. Bench dated May 6, 1960, and being the same as that agreement referred to in the inventory filed in the James Egan Estate.* The claimant holds security for his claim as follows: None. Claimant states that to the best of his knowledge and belief—he has given credit to such estate for all payments and offsets to which it is entitled and that the balance claimed as above stated is justly due." (Italics ours.)

The single assignment by appellant in this court is that the court erred in dismissing claimant's first amended claims on the ground stated in the orders of dismissal, "because the original claim was in writing stating the nature and amount thereof under oath and conformed to the requirement of the statutes, and the amendment originally permitted by the court was properly permitted."

Appellant first cites and relies upon Sec. 473.380 RSMo 1959, V.A.M.S., as follows:

"Form and verification of claims. 1. No claim other than for costs and expenses of administration shall be allowed against an estate unless it is in writing, *stating the nature* and amount thereof, if ascertainable, and is accompanied by an affidavit of the claimant, or of some person for him who has knowledge of the facts, stating that to the best of his knowledge and belief he has given credit to the estate for all payments and offsets to which it is entitled and that the balance claimed is justly due.

"2. If a claim is founded on a written instrument, the original or *a copy thereof* with all indorsements *shall be attached to the claim.* The original instrument shall be exhibited to the executor or administrator or court, upon demand, unless it is lost or destroyed, in which case its loss or destruction shall be stated in the claim." (Italics ours.)

Appellant insists that a claim filed in the probate court is not to be judged by the strict rules of pleadings and is ordinarily considered sufficient if a judgment thereon will be res adjudicata of the obligation upon which the claim is based, citing Siegel v. Ellis, Mo.Sup., 288 S.W.2d 932, 938(3). Appellant further argues that the legal representatives of the respective estates were advised that the $20,000 was being claimed because of *a breach of the contract of lease,* which was the same lease contract inventoried in the James Egan estate, which both decedents had executed, so that the respondents were advised of the nature of the claim. In addition to this, appellant says that the request for admissions were filed and that such request did further inform the respective legal representatives of the estates as to the nature of claimant's

claim; and that said request for admissions incorporated the lease itself. Appellant also argues that a claim filed in the probate court may be amended unless it is so wholly insufficient as to constitute a nullity after the nonclaim statute has run; and that such amendments have been allowed when its effect is to make the claim more specific. Appellant relies upon the Siegel case, supra and Minor v. Lillard, Mo.Sup., 306 S.W.2d 541. Appellant also cites Maus on Probate Law and Practice, Volume 4, Secs. 939, 941.

In the case of Siegel v. Ellis, supra, 288 S.W.2d 932, 938, the Court said: "A demand filed in the probate court is not to be judged by the strict rules of pleading. It is sufficient if it gives reasonable notice to the legal representative of the estate of the nature and extent of the claim and is sufficiently specific that a judgment thereon will be res judicata of the obligation upon which it is based. And it is only when the original claim is wholly insufficient that it may not be amended after the limitation period fixed by statute for the filing of claims. In re Franz' Estate, Mo., 245 S.W.2d 1, 4–5; 34 C.J.S. Executors and Administrators, § 417f, p. 199." And see Minor v. Lillard, supra, 306 S.W.2d 541, 543.

In the case of In Re Franz' Estate supra, 245 S.W.2d 1, 4–5, the court said: "It is well settled that 'a demand filed in a probate court is not to be judged by the strict rules of pleading applied to a petition in the circuit court. Such a demand is sufficient if it gives reasonable notice to the adverse party of the nature and extent of the claim made, and if it be specific enough so that a ruling thereon will become res judicata of the matters involved.' In Re Thomasson's Estate, 346 Mo. 911, 144 S.W.2d 79, 81 * * *. No formal pleadings are required in the presentation of demands in the probate court, nor on an appeal to the circuit court. * * *

"Section 464.280 (all references are to RSMo 1949, V.A.M.S., unless otherwise stated) provides that the probate court 'shall hear and determine all demands in a summary way without the form of pleading, and shall take evidence of competent witnesses or other legal evidence * * *.' Further, Sec. 467.090 provides that, in case of appeals, the court having appellate jurisdiction 'shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the probate court.'

"Clearly the Legislature intended to make it easy for persons not learned in the law to present their demands against estates in the probate court and on appeal in the circuit court without being held to technical formalities and rules. Our courts have steadfastly refused to narrow the construction or restrict the application of the statutes cited. * * * We must examine the demands in question in the light the statutes mentioned and well established rules of law referred. However, if a demand, in the form originally filed, is wholly insufficient, it cannot be amended after the expiration of the statutory period of limitations so as to avoid the statute of non-claim. * * * Further, if the demand is wholly insufficient, the probate court acquires no jurisdiction to hear and determine the claim and the circuit court will acquire none on appeal."

Section 464.280 RSMo 1949 above referred to has since been repealed by the Probate Code; Laws 1955, p. 385.[1] Further, the facts ruled in the In Re Franz' Estate case, supra, were very different from the facts in this case, and the issues ruled on appeal in the Minor case were totally different; however, both cases state the rule of law applicable to the facts of this case.

Were the original claims, as filed, sufficient to inform the respective legal repre-

1. Now V.A.M.S. § 473.403.

sentatives of the respective estates as' to the nature of the breaches of contract relied upon and, therefore, as to the nature of the claims?

The rule as to the sufficiency of an allegation of breach of contract is well stated in 17 C.J.S. Contracts § 543, p. 1176: "The essential facts constituting the breach should be set forth clearly and unequivocally; and the breach should be assigned with such certainty and particularity as will apprise defendant *in what particular he has failed to perform and allow him to take material issue thereon*. A mere conclusion of the pleader that the contract has been broken is insufficient." (Italics ours.)

It will be noticed that the original claims as filed against the respective estates alleged no facts tending to show *how or in what manner the contract of lease was breached*, nor are any facts stated which would constitute a breach of the contract of lease. Each claim is for "the sum of $20,000 on account of breach of contract of lease." The words "on account of breach of contract of lease" state no facts and give no information as to how or in what manner the contract was breached. The contract in question might have been breached in any number of different ways. Absent an allegation or statement of facts as to the manner in which the contract was breached, no claim is stated on which relief can be granted. Since the particular breach or breaches relied upon are not stated, the nature of the claims were not sufficiently stated to comply with the statute. The legal representatives of the mentioned estates were not advised as to what alleged breach or breaches they were called upon to answer. To state a claim for breach of contract the particular breach relied upon must be stated, and, absent such an allegation, the claims filed were wholly insufficient and could not be amended after the expiration of the statutory period of limitations.

In the case of Watkins v. Donnelly, 88 Mo. 322, 323, the court said: "While it is true that in probate courts formal pleadings are not requisite, still common justice and ordinary honesty require that an account or statement of a matter, about which those in charge of the estate probably know nothing, should, when presented for allowance, at least, be sufficiently specific to apprise them of the facts involved, so that they can be prepared properly to protect the interests confided to their care, and thus prevent unjust demands from swallowing up the estate."

In Whitehill v. Shickle, 43 Mo. 537, 546, in passing on the sufficiency of a counterclaim to recover a penalty upon an alleged breach of contract, the court said: "* * and in claiming this penalty they do not assign specific breaches, so as to advise him of the motive of their demand. A general statement that a party 'totally disregarded all, and did not fulfill any, of the covenants and stipulations to be kept and performed, and made by him in the written instrument,' etc., is altogether too general to support a demand, especially for a penalty."

In the case of Sanders v. Ray Printing Co., Mo.App., 45 S.W.2d 876, 877, where the plaintiff sought to recover damages for breach of contract, the court said: "We think there was a fatal defect in this petition. It is apparent that the cause of action intended to be stated is that defendants agreed with plaintiff to publish for hire in the Cassville Democrat his announcement as a candidate for the office of prosecuting attorney of Barry county and then failed or refused to publish the same. By reading plaintiff's petition, it will be readily seen that plaintiff does not allege that defendants did not publish the announcement, and, without that allegation, it is clear that a breach of the contract on defendants' part was not alleged. A petition based on a breach of contract must, in order to state a cause of action, allege that defendants neglected, failed, or refused to perform his part. This petition failed to do that, and for that reason the trial court properly sustained a demurrer to it."

As above indicated, the contract in question was not attached to either claim, nor

was a copy attached as required by Section 473.380 RSMo 1959, V.A.M.S., nor would the contract or a copy of it, if attached to the claims, have pointed out the breach or breaches intended to .be relied upon by appellant as a basis for recovery on the claims filed.

The transcript on file also shows a copy of claimant's request for admissions in the following respects:

"4. That neither James Egan, Bessie Egan nor their administrators constructed another building of the same type and structure as the present building at a location agreed upon by any of these parties and claimant, within 45 days after the claimant was obligated to vacate the present building mentioned in the aforesaid contract.

"5. That claimant as a direct and proximate result of the aforementioned failure of James Egan, Bessie Egan or their administrators to comply with the terms of the aforementioned contract set forth in paragraph numbered '4', sustained damages."

A copy of the alleged lease in question was attached to the above request for admissions. The lease (Claimant's Exhibit A), as attached to the request for admissions, covers some five pages of the transcript of the record and the lease contains numerous provisions that may have been breached. It was not until the filing of the "claimant's first amended claim against the estates of deceased" that there was any indication or notice concerning the particular breach to be relied upon.

The first amended claims stated the particular manner of breach of contract of lease, as follows:

"2. That pursuant to the terms of said Lease the claimant performed all of his duties and obligations thereunder and that prior to the death of James Egan and Bessie Egan, the Missouri State Highway Commission condemned the leased property and pursuant to the terms of the lease, the lessors and the claimant agreed on a location for the construction of a new building and the lessors had construction commenced on the new building on said location prior to their death.

"3. That the lessors subsequently died and that no further work was performed on said new building and that claimant was required to move from the condemned building and was not furnished the new building contracted for within 45 days from the date that he was compelled to vacate the condemned building and has never been furnished the new building contracted for in said lease by decedents or their legal representatives.

"4. That by reason thereof, claimant has sustained damages in the amount of $20,-000.00."

It is apparent from these assignments that the first amended claims sought to assign breaches of the contract of lease that were not alleged or mentioned in the original claims filed in the respective estates; and that appellant now seeks relief on a ground not stated in the original claims.

Respondents have also briefed this case on the theory that the first amended claims stated no claims on which relief could be granted against either of the administrators. Respondents insist that the lease in question was terminated by its own terms upon the purchase of the real estate in question by the State Highway Commission of Missouri; that the alleged agreement to build another building was not confirmed but was to be entered into as a new contract and a new lease; that respondents, as administrators of said estates, have absolutely no power or authority to enter into a construction contract for the erection of a building on said real estate, or even to lease said real estate (except by order of the probate court); that if the respondents did, in fact, enter upon such a contract or lease of said real estate, as appellant contends said agreement contemplates, they would be personally liable thereon; that if funds of the estates were diverted to such a project, the administrators would be

guilty of misapplication of funds of said estate and personally answerable to the heirs of said decedents; and that since the respondents have no authority to construct such a building, then respondents and their estates cannot be held liable for the failure to do something which by law they are prohibited from doing.

It will not be necessary for us to review the cases upon which respondents rely in support of the above contentions. It is sufficient to say that the cause was not ruled in the trial court upon any such theory. It is enough to hold, as we have held, that the original claims failed to state a claim on which relief could be granted, and that they were not amendable after the statute of nonclaim had run.

The judgment is affirmed.

All concur.