Horace T. ROBINSON, Administrator of the Estate of James Egan, Deceased, Respondent,

v.

Larry BENCH and Elenor Bench, Appellants.

No. 51780.

Supreme Court of Missouri, Division No. 1.

Dec. 12, 1966.

Claude T. Wood, Richland, for respondent.

J. W. Grossenheider, Lebanon, for appellants.

HIGGINS, Commissioner.

Action by respondent on promissory note in which appellants counterclaimed for $25,-000 damages for breach of lease. The appeal is from a dismissal of the counterclaim and summary judgment on the note for $7,-167.60.

On May 6, 1960, James Egan and Bessie Egan, husband and wife, and Larry Bench entered into a lease by which Larry Bench obtained immediate possession of The Egan Garage and Salvage Yard located at U. S. Highway 66 and the roadway to the entrance gate to Ft. Leonard Wood, Missouri. The term was five years from April 1, 1960, at a rental of $300 per month with option to renew. The lease recited that "lessee has purchased from the lessor(s) certain garage fixtures, stock and equipment and has executed his promissory note and chattel mortgage for the payment of said purchase and it is further agreed by the lessee he will not enter into any other business except that of a garage and salvage yard while any note secured by chattel mortgage is due and owing to the lessor(s)." The lease also recited, " * * * common knowledge between the parties that the Missouri State Highway Commission is in the planning stage of building a Cloverleaf and Interstate 44 on the location of the above described premises and the lessee does hereby agree that by reason of this lease he will not have any voice in the negotiations by the State * * * and does hereby waive any rights that he may have by reason of this lease agreement, in connection with the purchase or condemnation of the property by the State of Missouri. In the event that the State * * * either purchases or condemns the purchased property * * *, then in such event the lease on this property * * * shall be null and void but in such event, the lessor(s) does hereby agree to build another building * * * equal to or better than the present building * * * at a location to be agreed upon by the lessor(s) and lessee and that the lessor(s) * * * shall enter into and lease to the Lessee said building and property for the same rental * * *." The chattel mortgage and promissory note mentioned in the lease were also executed May 6, 1960, and it is that note upon which respondent's petition is stated. The note was executed by Larry and Elenor Bench, was for $5,000 due in five years, and provided for six per cent interest payable annually, for a reasonable attorney's fee, and for acceleration in event of any default.

Mr. and Mrs. Egan died October 25, 1960. On April 4, 1961, Larry Bench filed claims in the Probate Court of Pulaski County against each of the Egan estates for $20,-000 damages "on account of breach of the contract of lease, said contract being that drawn between James & Bessie Egan and Larry S. Bench dated May 6, 1960." Both claims were transferred to the circuit court and were there consolidated. Motions to dismiss were filed by each of the administrators after which Mr. Bench attempted to amend his claim to state that he performed all his duties and obligations under the lease; that the land was condemned as contemplated by the lease; that the lessors and lessee agreed upon a location for the new building; that lessors subsequently died and lessee has not been furnished the replacement for the condemned building to his damage in the sum of $20,000. The consolidated claims were dismissed and this court affirmed the dismissal, holding that the original claims failed to state a cause of action because they "alleged no facts tending to show how or in what manner the contract of lease was breached," and that the amended claim sought to assign breaches "that were not alleged or mentioned in the original claims" after the statute of nonclaim had run. Bench v. Egan's Estate, Mo., 363 S.W.2d 547, 550, 551, 552. Subsequently, Mr. Bench sued the Egan administrators and heirs for damages for similarly alleged breach of the lease agreement. That suit, too, was dismissed, and no appeal was taken.

On June 25, 1964, this suit was filed by the administrator of the estate of James Egan for collection of the previously described $5,000 note, attorney's fee, and interest, less payment in the amount of $150. Defendants' answer alleged:

"3. That on the 6th day of May, 1960, these defendants and James Egan and Bessie Egan, his wife, entered into a lease contract * * *.

"4. That in conjunction with said lease agreement and in reliance upon the performance of said lease agreement, these defendants received from James Egan various materials and equipment for the operation of the business set forth in said lease agreement and that the note over which this action is instituted was a part of the whole transaction and that the consideration for said note was the performance of all of the obligations contained in said lease.

"5. That pursuant to the terms of said lease, defendants performed all of their duties and obligations thereunder and prior to the death of James Egan, the Missouri Highway Commission condemned the leased property and the lessors and defendants agreed upon a location for the construction of the building as provided in said lease * * * and the lessors purchased the land on which said building was to be constructed and commenced construction of a building of the same type and structure and equal to or better than the building which defendants were occupying under said lease, all as provided in said lease.

"6. That before said new building could be completed, the lessors died and no further work was performed on said new building and defendants were not permitted to enter into said new building and to lease the same under the same rental called for under the terms of the aforementioned written lease although defendants were required to move from the condemned building in February, 1961, and that defendants have never been furnished the new building contracted for in said lease pursuant to their rights under their agreement with James Egan and Bessie Egan.

"7. That by reason thereof, all consideration for the note sued for has failed and that there was no consideration given for said note * * *."

Defendants also filed a counterclaim for breach of the lease by incorporating the al-

legations of their answer as a basis for claiming $25,000 damages. By answers to interrogatories, execution of the note and amount of payment thereon was admitted.

Upon trial, plaintiff's oral motion to strike the counterclaim was sustained and the counterclaim was ordered dismissed on the grounds: " * * * that the issues purported to be tendered by the counterclaim are res adjudicata and have been litigated or could have been fully litigated in the suits heretofore cited in the record by the plaintiff." Plaintiff then moved to strike the answer which motion was sustained, the court stating, "the basis of the ruling is that the lease on which those paragraphs in your Answer, 3, 4, 5, 6 and 7, the lease is used and referred to as a defense, and that that lease has been litigated and is res adjudicata in this case." Thereafter, plaintiff moved for summary judgment and offered the original note and the admission of execution, whereupon the court entered summary judgment for principal, interest, and attorney's fees in the sum of $7,167.60.

■ Appellants claim error in the dismissal of their counterclaim on the ground of res adjudicata "because there is not an identity of parties which is a prerequisite to the invocation of this doctrine." It is not necessary, however, to determine the issues presented by that contention because it clearly appears, as urged by respondent, that the counterclaim is barred by the statute of limitations. The original probate claims of Larry Bench against the Egan estate filed April 4, 1961, recognized that letters of administration had been published on or before that date, and this counterclaim was not filed until December 29, 1964. Such gap is patently in excess of the limitation of nine months after publication of letters in which to file claims against deceased persons. Section 473.360, V.A.M.S., Bench v. Egan's Estate, supra.

■ Appellants' second assignment of error in striking paragraphs 3 through 7 of their answer on the ground "that the lease has been litigated and is res adjudicata in this case," is meritorious. All of the previous actions by Mr. Bench were to recover damages for alleged breach of the lease, and in none of them was there any adjudication on, or litigation of, the lease because each was dismissed for failure to state a claim or to state a claim within the period of limitation. Respondent has not sought to recover on the note prior to this action and, as a consequence, appellants have not been called upon to litigate, and have not litigated, any defense of failure or lack of consideration. Paragraphs 3 through 7 are clearly an attempt to plead failure or lack of consideration and appellants are not precluded from such allegations even though they are also the basis for the counterclaim and are similar to the allegations of previous claims for damage for breach of the lease. In other words, the validity of the note, the liability of appellants on the note, and appellants' defense of failure or lack of consideration have not been in issue in any prior litigation, regardless of previous allegations, and " '[T]he law is well settled that a judgment or decree is only conclusive and operates as an estoppel as to the issues actually litigated and settled, and where the subsequent action is upon a different claim, the judgment in the former case is only conclusive and only bars those issues which were actually tried.' " Schmitt v. Pierce, Mo., 379 S.W.2d 548, 550 [1, 2]. See also State ex rel. Dalton ex rel. Stonum v. Reorganized Dist. No. 11, Mo., 307 S.W.2d 501, 506 [3], to the effect that identity of the cause of action is necessary to support res adjudicata. Consequently, appellants were entitled to their answer and defense of failure or lack of consideration; a genuine issue as to a material fact thus existed, and under that state of the record plaintiff was not entitled to summary judgment on the note. Burns v. Weber, Mo.App., 399 S.W.2d 446, 449 [3–5].

Accordingly, the judgment dismissing the counterclaim is affirmed; the summary

judgment on the note is reversed, and the cause is remanded.

HOUSER, C., concurs.

WELBORN, C., not sitting.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HOLMAN, P. J., HENLEY, J., and STORCKMAN, Alternate J., concur.

HYDE, J., not sitting.