Francis A. **CASSERLY**, Administrator of the Estate of James Egan, Deceased, Respondent,

v.

Larry **BENCH** and Elenor Bench, Appellants.

No. 58806.

Supreme Court of Missouri, En Banc.

April 14, 1975.

Claude T. Wood, Richland, for respondent.

David W. Bernhardt, Bussell, Hough, Greene & Bernhardt, Springfield, for appellants.

MORGAN, Judge.

The trial court, for the reasons herein considered, entered an order striking the answer and counterclaim of defendants, and thereafter entered a default judgment in favor of plaintiff. An appeal was taken to the Court of Appeals, Springfield District, and after opinion therein this court sustained an application to transfer. We now consider the same "as on original appeal." Rule 83.09, V.A.M.R.

Plaintiff, as the administrator of the estate of one James Egan, filed suit in 1964 against defendants in the Circuit Court of Pulaski County at Waynesville seeking judgment on a promissory note. The answer and counterclaim were filed. Thus, the stage was set for further litigation between the "estate" and defendants [1]—this being, in fact, the fifth appellate effort to resolve the same.

For reasons now unimportant, Judge Buford, who maintains his main office in Shannon County at Eminence, was assigned as a Special Judge to act in the instant case, then pending in another circuit, in Pulaski County at Waynesville. Defense counsel, who is not now representing defendants on appeal, had an office in Laclede County at Lebanon.

On March 16, 1972, the judge by letter requested the clerk in Waynesville to: "Please notify all attorneys to be in my office in Eminence on May 10, 1972, at 9:00 A.M. for pre-trial conference." The clerk complied, but the record does not indicate what, if anything, might have occurred on that date.

On September 7, 1972, the following docket entry was made: "This case set for pre-trial hearing at Eminence, Saturday, September 23, 1972. Parties failing to appear will have all pleadings struck and dismissed." On September 19, 1972, defense counsel from Lebanon wrote to advise that he no longer represented defendants as they had accepted his recommendation and employed an attorney in Eminence. The record, thereafter, does not mention nor reflect any appearance or other action taken by either attorney from Lebanon or Eminence.

On September 23, 1972, a docket entry was made which, in part, reads: " . . .

the Court finds that the efficient administration of justice was not served by the failure of defendants to be present in person or by attorney and does hereby order and adjudge that Answer and Counterclaim filed by defendants . . . is hereby dismissed." Presumably, the judge, in conformity with the notice, was on the 23rd in Eminence and how the order was entered in the docket at Waynesville on that date is not shown.

On November 13, 1972, without defendants or their counsel present or being notified, the court considered evidence offered by plaintiff and entered judgment by default.

We approach the question under Rule 84.13(c) which, in part, provides: "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

Rule 62 is captioned "Pre-Trial Conferences" and 62.01(a), thereof, did read at all times of interest here,[2] as follows: "The court may in its discretion direct the attorneys for the parties to appear before it for a conference *in the county where the case is pending*, or outside of the county if all of the parties consent to consider: [six general areas are listed]" (Emphasis added.)

As shown, the judge directed the parties to appear for a pretrial conference in Eminence (Shannon County) reference a case then "pending" in Waynesville (Pulaski County). As the rule then provided, the conference was authorized in the location selected only if "the parties consent." The word "consent," as written in the rule, was used in its usual and accepted sense of an

1. Bench v. Egan's Estate, 363 S.W.2d 547 (Mo.1963); Robinson [prior administrator] v. Bench, 409 S.W.2d 145 (Mo.1966); and, Casserly, Administrator of the Estate of James Egan v. Bench, 458 S.W.2d 893 (Mo.App.1970).

2. Effective January 1, 1975, Rule 62.01 was caused to read: "In any civil action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider: * * *"

"expressed willingness" to participate. It takes a rather strained interpretation to conclude that the rule required an affirmative "objection." No further comments are needed as this case probably has the unique distinction of being one of "last" impression, since the rule has been changed.

Common courtesy would have called for a response to the judge's directive, but the absence of such did not remove the limitation placed upon the power of the judge by the rule itself. Nevertheless, the record presents a picture of litigation which should be brought to a finish, and the judge is to be commended for his effort to accomplish the same. The judgment should be reversed and the cause remanded that the effort may continue and resolution of the issues, if any, can be expedited.

It is so ordered.

DONNELLY, C. J., and SEILER, HOLMAN, BARDGETT and HENLEY, JJ., concur.

FINCH, J., concurs in separate concurring opinion filed.

FINCH, Judge (concurring).

I concur in the principal opinion except that I am concerned that the reference to a change in Rule 62.01, effective January 1, 1975, together with the observation that this probably is a case of "last" impression, may infer that from and after January 1, 1975, our rules would authorize what occurred here.

When our permanent rules committee submits a proposed change in our rules, it accompanies the proposed rule with an explanatory report. Our consideration of the suggested rule takes that report into consideration. When questions of interpretation of rules arise, we, on occasion, refer to these reports in our opinions. State ex rel. Farmers Insurance Co., Inc. v. Murphy, 518 S.W.2d 655 (decided February 18, 1975); State ex rel. Kincannon v. Schoenlaub, 521 S.W.2d 391 (decided this date).

In connection with amended Rule 62.01 which we adopted March 29, 1974, the committee's report was short. It stated as follows:

"The proposed Rule is the same as Federal Rule 16. It is shorter than present Rule 62 but it should not change the procedure which is followed in the relatively few cases in the state courts in which pre-trial conferences are held."

The question of whether present Rule 62.01 would authorize what occurred here is not before us. It has not been briefed and we have not considered any cases construing Rule 16 of the Federal Rules of Civil Procedure from which it was taken. I simply want to make it clear that by concurring, I do not want to be understood as inferring that what we hold was not permissible under old Rule 62.01(a) is now authorized.