### In the ESTATE OF Dale E. HEDRICK, Deceased.

**Ellsworth BREIHAN Building Company, Claimant/Respondent,**

v.

**ESTATE OF Dale E. HEDRICK, deceased, Appellant.**

No. 58666.

Missouri Court of Appeals, Eastern District, Division One.

April 30, 1991.

Edward C. Vancil and Associates, Inc., Richard J. Keyes, Clayton, for appellant.

Jeffrey T. Weisman, St. Louis, for claimant/respondent.

KAROHL, Judge.

Claimant, Ellsworth Breihan Building Co., filed a claim for unpaid rent against the Estate of Dale E. Hedrick, deceased. The claim was submitted on a claim form provided by the probate court. Claimant made a claim for $34,868.10 based upon an attached itemized ledger statement. The attachment consisted of four pages of seven column paper. Each page bore the heading: "Hedrick Electronics Leased Premises—8448 Watson Rd. St. Louis, Mo. 63110." The columns were labeled: date, rent, late charges, real estate taxes, common area maintenance charges, rent paid and balance due. The entries began January 1, 1986, and ceased July 1, 1989. The balance due July 1, 1989, was $36,274.60. After a hearing, the probate court denied an oral motion by the personal representative to dismiss the claim because written leases were not attached to the claim as required by § 473.380.2 RSMo 1986. The court entered an order allowing the claim in the amount of $34,868.10 as an unsecured claim. The personal representative appeals alleging two claims of error. We affirm.

The first issue submitted by the personal representative is whether claimant's failure to attach copies of the leases to the original claim deprived the probate court of jurisdiction to entertain the claim. The personal representative relies on § 473.380.2 RSMo 1986 which provides in pertinent part: "If a claim is founded on a written instrument, the original or a copy thereof with all endorsements shall be attached to the claim.

The original instrument shall be exhibited to the personal representative, upon demand...."

Prior to the hearing, claimant complied with the statute and gave a copy of the leases to the personal representative upon demand. The day of the hearing, claimant presented an oral motion requesting leave of court to amend the claim by attaching copies of the leases thereto. The personal representative objected on the basis that claimant failed to comply with the letter of the statute and was barred from presenting evidence of the leases. The court overruled the personal representative's motion. Further, the court found the claim gave sufficient notice to the personal representative of the nature and extent of the claim so that the judgment on the claim would be res judicata.

On appeal, the personal representative argues the itemized statement attached to the claim with a heading of "Hedrick Electronics" did not provide reasonable notice of the nature and extent of the claim and is not sufficiently specific so that a judgment thereon would be res judicata. Moreover, the personal representatives argues the itemized statement did not provide reasonable notice to him that the decedent was personally liable for the rent of premises at 8448 Watson Road where Hedrick TV and Appliance Company, a Missouri corporation, was a tenant.

■ Because the legislature intended to make it easy for nonlawyers to present their claims against estates, a claim filed in probate court is not judged by the strict rules of pleading. *Bench v. Egan's Estate*, 363 S.W.2d 547, 549 (Mo.1963). Accordingly, a claim is sufficient if it gives reasonable notice to the personal representative of the nature and extent of the claim and is sufficiently specific that a judgment thereon will be res judicata of the obligation upon which the claim is based. *Id.* Unless a claim is wholly insufficient, it may be amended after expiration of the statute of limitations for filing of claims. *Id.* Claimants may voluntarily amend their claim if the nature is not changed and the amount

is not increased. *Jensen v. Estate of McCall,* 426 S.W.2d 52, 57 (Mo.1968).

Initially, we note not all of the claim was based upon a written instrument. The claim for amounts due from January 1985 thru August 1987 were governed by a lease. The claim for amounts due from September 1987 thru August 1988 were governed by a second lease. However, the claim for amounts due from September 1988 thru June 1989 were based upon a holdover month to month tenancy. Thus, the claim of error in not attaching written documents does not apply to the claim from September 1988 forward. Even on the personal representative's argument, the court did not err in allowing this much of the claim.

■ The court also did not err in allowing that part of the claim which was based upon written leases. The claim filed by claimant was sufficient to inform the personal representative of the nature of the claim—rent owed by the decedent under a lease for the premises of 8448 Watson Road. The fact that the claim was made against the estate, coupled with the account title of "Hedrick Electronics," was sufficient notice to the personal representative the debt was not a corporate debt of Hedrick TV and Appliance Company but rather a personal debt of the decedent. The extent of the claim, $34,868.10, is set forth. In addition, the allowance or disallowance of the claim would be res judicata in a subsequent legal proceeding commenced on the leases.

■ Thus, while § 473.380.2 RSMo 1986 states a copy of the written instrument "shall be attached to the claim," case law has applied the statute to mean "should be attached." And where the claim is otherwise sufficient to invoke the jurisdiction of the probate court, § 473.380.1 RSMo 1986, the failure to attach a copy of the written instrument does not deprive the probate court of jurisdiction to hear the claim. Of course, a claimant who fails to attach a written instrument bears the risk of having the claim denied because the claim may be deemed to have provided inadequate notice to the personal representative and, there-

fore, insufficient to invoke the jurisdiction of the probate court. However, that was not the case here. The claim did in fact provide notice to the personal representative of the nature of the claim as evidenced by his demand to see the original copies of the leases before the hearing. Furthermore, the court could have allowed the requested amendment to the claim by attaching the leases. It denied an objection to amendment. Point denied.

 The personal representative alleges in a second point relied upon that the probate court erred in admitting into evidence the itemized statement attached to the claim because it was not produced in the ordinary course of business. This point is denied for two reasons. First, claimant testified, without objection, to the information contained on the itemized statement. The personal representative cannot be prejudiced by allegedly inadmissible evidence which is merely cumulative. *Conoyer v. Conoyer*, 695 S.W.2d 480, 482 (Mo.App. 1985). Second, in a court-tried case, improperly admitted evidence is harmless error where other competent evidence supports the judgment. *Id.* Here, both oral testimony and the leases support the judgment.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.