**Allie MACHENS, Plaintiff-Respondent,**

**v.**

**In the Matter of the ESTATE OF Louis Andrew MACHENS, Lydia Ann Machens and Gertrude Ann Griesenauer, Executrices, Defendants-Appellants.**

**No. 44030.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 5, 1983.

Robert V. Niedner, H.K. Stumberg, St. Charles, for defendants-appellants.

Mark R. Bahn, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Plaintiff Allie Machens brought this action against the estate of his brother, Louis

Machens, to recover damages based on an implied contract for services. The jury returned a verdict for the plaintiff in the amount of $60,000. The trial court entered judgment on this verdict, and the defendant-estate appealed. We affirm.

Plaintiff Aloysius ("Allie") Machens is a farmer. He is the brother of Louis Machens, who died in 1977. After Louis' death, Allie Machens filed a claim against his brother's estate in the probate court of St. Charles County stating that he was entitled to compensation for working on Louis Machen's farm from 1942 to 1972. Allie Machens' sons David Machens and Charles Machens, also filed claims for the years 1960–1972, respectively. All these claims were denied by the probate court and were appealed to the circuit court. David Machens and Charles Machens subsequently withdrew their claims before trial. Allie Machens eventually withdrew his claims for the years 1942 thru 1957 and 1958 to 1962, so that only his claims for the years 1962–1972 were submitted to the jury.

Plaintiff was disqualified to testify because of the Dead Man's Statute, § 491.010, RSMo (1978). His sons and other witnesses testified that after Louis Machens became physically incapacitated from doing farm work in 1957, plaintiff took over management of Louis' farm and did a great deal of the work, aided by his sons and a few other employees. At the same time, plaintiff also continued to work several other farms which he owned or had an interest. Plaintiff's witnesses testified that Louis Machens received all of the profits from his own farm, and never paid plaintiff for his work.

The estate sought to show that plaintiff had in fact been paid. On cross-examination of Fred Machens, the testimony revealed that the Machens brothers (Allie, Louis and Fred) met each year in December to "settle up" on expenses from the farms which they owned or worked jointly. He further testified that these meetings related to expenses for supplies and maintenance, but he could not recall that any profits were divided up. Several checks and books of account were offered into evidence. They were identified as being in Louis Machens handwriting and showed numerous payments to plaintiff. The checks did not contain any notation why the payments were made. The ledger entries did not appear to include any entries for wages paid to plaintiff, although Allie's name did appear in entries of certain grain transactions. The jury found that plaintiff had not been paid and awarded him $60,000. This appeal followed.

■ The estate first argues that the trial court erred in failing to sustain either its motion for dismissal, filed before the trial, or its motion for a directed verdict, made at the close of all the evidence, because the claims for all years before 1972 were barred by the statute of limitations. The applicable statute, § 516.120, RSMo (1978), provides that actions upon contracts, express or implied, must be brought within 5 years from the date on which the cause of action accrues. Section 516.100 RSMo (1978) explains that a cause of action does not accrue immediately upon the technical breach of a contract or duty, but rather accrues "when the damage resulting therefrom is sustained and is capable of ascertainment." If there is more than one item of damage, then the cause of action accrues when the *last* item of damage is sustained and capable of ascertainment, "so that all resulting damage may be recovered, and full and complete relief obtained" in a single action. *Id.* Normally, on a claim for services rendered, the statute will begin to run at the end of the term of employment, or whenever the wages are due and payable, as specified in the contract. In the instant case, there is no evidence of any fixed term of employment or time when the compensation shall be payable.

In these situations, Missouri courts have held that if the services rendered were continuous, then the statute does not begin to run until termination of the employment. *Poage v. Parker*, 343 S.W. 203, 205 (Mo.App. 1961); *Minor v. Lillard*, 289 S.W.2d 1, 6 (Mo.1956), appeal after remand 306 S.W.2d 541, 546 (Mo.1957). See generally, Annot. 7 A.L.R.2d 198. Continuity of service is not

destroyed by slight interruptions if the circumstances show that the parties intended to resume their arrangement after the hiatus. *Poage, supra.*

In the instant case, there was sufficient evidence to support an inference that the services rendered by plaintiff were "continuous." Although farm work is largely seasonal, it does continue during the winter months. Witnesses testified that plaintiff did regular maintenance and management work during the "off-season." Whether the services were continuous was a question of fact. The trial court could not therefore say as a matter of law that any part of plaintiff's claim was barred. *Loveland v. Collins,* 254 S.W. 22, 25 (Mo.1923). The trial court properly denied defendant's motions.

■ We next consider the estate's claim that the trial court erred in admitting testimony from unqualified witnesses concerning the value of plaintiff's services. Three farmers testified to the value of his services. David Machens opined that he was a manager of a farming operation, Fred Machens stated that he carried on a farming business similar to Louis' endeavors and Francis Machens testified that he farmed on land adjacent to the land in question and was familiar with the values of his dad's services. These witnesses had farming experience and were qualified to give an opinion on the value of farm services. *Ridinger v. Harbert,* 409 S.W.2d 764, 767 (Mo.App. 1966). In *Ridinger,* a farmer who employed two to five men was competent to testify as to the value of services rendered by the claimant. Additionally, our court has held that if sufficient facts are established, the value of farm services is a matter within the common knowledge of the jury. *Strauser v. Estate of Strauser,* 573 S.W.2d 423, 424 (Mo.App.1978). The trial court correctly overruled the estate's objections to this testimony.

Several other points have been raised on appeal, including the trial court's alleged failure to exclude the testimony of David Machens and Charles Machens on account of the Dead Man's Statute; failure to exclude alleged hearsay testimony; and failure to grant a new trial on account of improper argument by plaintiff's counsel. We dispose of these points pursuant to Rule 84.16(b). After review of the full record, we can find no error of law, and an extended opinion on these points would have no precedential value.

The judgment of the trial court is therefore affirmed.

SMITH and KELLY, JJ., concur.