DOWD, Judge.
Defendant appeals the judgment entered on an unfavorable jury verdict in plaintiffs quantum meruit action for services rendered to Stanley Hope McReynolds, decedent. We affirm.
Plaintiff and decedent were neighboring farmers. After decedent’s death, plaintiff filed a claim with his estate stating that he had performed farm operation services as needed for decedent from May 10, 1976 to the time of death on March 20, 1986. There was no written employment contract nor any express agreement of terms, but plaintiff testified that both parties intended that plaintiff be compensated. When he performed work for decedent, plaintiff would enter his hours on a calendar, but he was never paid for the work nor demanded payment. After the death, plaintiff added up all the hours, set a fee of $4 per hour, and determined that the estate owed him $13,040. There was also evidence that decedent had worked on plaintiff’s farm, but plaintiff claimed to have paid decedent for this work. Plaintiff also admitted that decedent had occasionally paid him for machinery and product debts. Defendant made numerous motions for directed verdict at various points during the trial, but they were all denied. The cause was submitted to the jury which returned a verdict for plaintiff in the amount of $13,040.00 plus interest at 9% from the date plaintiff filed his claim. Defendant now appeals. During oral arguments, appellant abandoned his first point relied on. We will, therefore, only address the remaining five.
Point II claims that the trial court erred in allowing plaintiff to amend his petition after the non-claim statute, § 473.360 RSMo 1986, expired. Plaintiff originally filed a short claim on a form provided by the probate division.[1] Prior to transferring the case to the regular division for jury trial, the probate judge ordered plaintiff to amend his pleadings to conform with the rules of civil procedure. Appellant then filed an amended petition following the style of normal circuit court cases. Appellant cites the case of Bench v. Estate of Egan, 363 S.W.2d 547 (Mo.1963), for the proposition that an amended petition may not be filed after expiration of the claim period if the original demand is “wholly insufficient” and he argues that the original petition in this case failed to state any contract, failed to allege that the services were rendered at decedent’s request or that plaintiff was entitled to a reasonable compensation.
Section 473.380.1, RSMo 1986, merely requires that a probate claim be written, state the nature and amount of the claim, be ascertainable, and be signed by the claimant. The legislature intended to absolve probate claimants from following the “technical formalities and rules” generally required in pleadings. Jensen v. Estate of McCall, 426 S.W.2d 52, 55 (Mo.1968). Consequently, probate pleadings should not be examined under “the strict rules of pleadings applied to a petition in the circuit court” and will be sufficient if they “give reasonable notice of the nature and extent of the claim.” Estate of McCormack v. McCormack, 676 S.W.2d 928, 930 (Mo.App.1984). After reviewing these rules, the Bench case, which plaintiff relies on, held that an original probate claim for breach of contract could not be amended where the claim did not identify what breach had oc-cured. The court felt that absent a state *856 ment as to breach, the document did not identify “the nature of the claim” as required by section 473.380.1.
The claim in issue follows the same substantial form as that in Bench, but the two cases are distinguishable. Plaintiff’s claim stated a cause in quantum meruit, not contract. Quantum meruit instills the duty to pay for services rendered absent any contractual obligation to do so. S. W. Bell Tel. v. United Video Cablevision, 737 S.W.2d 474, 475 (Mo.App.1987). The claim identified the nature of the services rendered and their value. Under the circumstances, this was sufficient to advise the court and the estate of the nature of plaintiff’s claim. The amended petition did not state any new or different claim; it merely expanded the original claim to comport with the rules of civil procedure.
Appellant next argues that the claim was void under the Statute of Frauds, § 432.010 RSMo 1986, since the claim was based on an agreement to perform services not to be performed within one year of making the contract. He fails to cite any authority for this proposition in his argument. We note that this argument is unsupported by the law. Plaintiff proceeded on a theory of quantum meruit, never alleging that an express contact with definable terms had been reached. The agreement could have been terminated at any time; it could have been performed in one year. Consequently, the Statute of Frauds would not bar plaintiff’s claim. Want v. Century Supply Company, 508 S.W.2d 515, 516 (Mo.App.1974).
Appellant also claims that the five year statute of limitations, § 516.120, bars recovery because there was not a continuous rendition of services. In an action for recovery based on personal services, “[i]f the services contracted for are a single, entire, continuous employment, the cause of action accrues on the last date upon which services are performed.” Estate of Cass, 753 S.W.2d 632, 635 (Mo.App.1988). There may be an interruption in the period as long as there is no “permanent cessation with no present intention of resumption.” Poage v. Parker, 343 S.W.2d 203, 205 (Mo.App.1961). While the evidence appellant cites could show that there was a fatal interruption, there was also evidence that the interruptions were merely natural lulls during a continuous course of employment. We must defer to the jury’s resolution of factual issues when there is any evidence to support their conclusion. Maxam v. Dillon, 674 S.W.2d 258, 260 (Mo.App.1984). We find no error on this point.
Point V claims that the court erred in giving the following instruction:
Your verdict must be for the Plaintiff if you believe: First, Plaintiff furnished to Stanley Hope McReynolds valuable services, and Second, Stanley Hope McRey-nolds accepted the benefits of such services, unless you believe Plaintiff is not entitled to recover by reason of Instruction Number 7 or Instruction Number 8.
Defendant argues that the instruction should have required the jury to find that services were rendered at decedent’s request, that they were valuable to decedent, and that the services were not rendered gratuitously. In reviewing all of the instructions as a whole, however, we see no grounds for complaint. The challenged instruction conformed to MAI 28.03 and contained the issue of decedent’s request. Instructions 7 and 8 required the jury to hold for defendant if they found that plaintiff had already been paid or if plaintiff did not intend to charge for his services. Defendant only cites authority for the proposition that mere rendition of services does not automatically require payment therefore. Buchweiser v. Estate of Laberer, 695 S.W.2d 125, 128 (Mo. banc 1985). We agree with this statement of the law, but we do not find that the instructions as a whole fail to present this principle to the jury.
Appellant’s final point in essence asks us to re-evaluate the evidence before the court. He claims that the trial judge should have set aside the jury verdict apparently on the grounds that common *857 sense and certain expert testimony[2] conclusively demonstrate that the plaintiff forged the calendar entries. Not only does appellant fail to refer us to any authority in his argument, he also neglects the well-known proposition that determining whether the verdict is against the weight of the evidence is the exclusive function of the trial court. Guevara v. Friedeman, 732 S.W.2d 259 (Mo.App.1987). Because there was sufficient evidence to support the jury’s verdict, we must defer to the jury’s findings. Maxam, 674 S.W.2d at 260.
JUDGMENT IS AFFIRMED.
PUDLOWSKI, C.J., and GRIMM, J., concur.

. The original claim read as follows:
William H. Jones, claimant, states that there is due from the above-captioned estate the sum of $13,040.00 on account of farming operation services, an itemized statement showing dates and amounts is attached hereto. The claimant holds security for this claim as follows: none. Claimant states that to the best of claimant’s knowledge and belief, credit has been given to such estate for all payments and offsets to which it is entitled and that the balance claimed as stated above is justly due. The foregoing is made under oath or affirmation and its representations are true and correct to the best knowledge and belief of the undersigned, subject to penalties of making false affidavit or declaration.

. Defendant had presented a handwriting expert who testified that all the calendar entries appeared to have been written at one time.