**In the ESTATE OF Francis HOLTMEYER, Deceased, Plaintiff/Respondent,**

v.

**Leonard PIONTEK and Geraldine Piontek, Defendants/Appellants.**

No. 68009.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 9, 1996.

Lewis, Rice & Fingersh, L.C., Richard A. Wunderlich, Jeana D. McFerron, Clayton, for Appellants.

Daryl K. Hartley, Union, for Respondent.

PUDLOWSKI, Judge.

Appellants Leonard and Geraldine Piontek filed a claim in the Franklin County Probate Court against respondent, the Estate of Francis Holtmeyer, seeking to recover for services rendered. Respondent moved to dismiss the petition on a variety of grounds, discussed below, and the probate court granted the motion. The Pionteks contend that this dismissal was erroneous, and as we agree, we now reverse that judgment. Respondent has submitted a motion to dismiss appellants' reply brief because it arrived late due to some confusion about respondent's change of address. The record does not permit us to discern which party is blameworthy, if any, and we, therefore, deny respondent's motion.

The Pionteks and the Holtmeyers (Francis, his deceased brother Everett, and their incapacitated sister Mary) resided on neighboring farms in Franklin County for many years. The Pionteks' petition alleged that over the course of 27 years they rendered services for Francis Holtmeyer for which they were never compensated. Respondent takes the position that these services were given freely by appellants, and that time has elapsed for appellants to assert a claim. Additional relevant facts will be supplemented as the issues are discussed.

We note our standard of review at the outset. Judgments on the pleadings are

scrutinized carefully: in analyzing whether a claim has been stated, we allow the pleading its broadest intendment, treating all facts alleged as true and construing the allegations favorably to the plaintiff. *Hagely v. Board of Education*, 841 S.W.2d 663, 665 (Mo. banc. 1992). Moreover, strict rules of pleading are not applicable in probate proceedings. *Estate of McCormack v. McCormack*, 676 S.W.2d 928, 930 (Mo.App.E.D.1984). Since the trial court did not state its basis for dismissing appellants' petition, we presume that it did so for one or more reasons offered in respondent's motion to dismiss. *Lipton Realty, Inc. v. St. Louis Housing Authority*, 705 S.W.2d 565, 568 (Mo.App.E.D.1986).

■ Respondent urges that even under the probate code's relaxed pleading rules, appellants' petition was unsatisfactorily vague as to what services were rendered, when, for who's benefit and by whom. Respondent also finds fault with the petition because it does not allege that any agreement existed between the parties wherein the services were to be compensated. Section 473.380.1 RSMo 1994 governs the content of probate claims and requires only that they be written, state the nature and amount of the claim, be ascertainable, and be signed by the claimant. Appellants' petition consisted of a pre-printed form containing the allegation that appellants had given credit to Francis Holtmeyer in the form of services rendered, and an attachment briefly outlining the nature of the services, the number of years the services were rendered, and what appellants estimate those services to be worth. The petition was signed by appellants.

■ Respondent's central complaint in attacking the sufficiency of the content of appellants' petition is that it does not claim the existence of any agreement whereby the services provided were to be paid for by Francis Holtmeyer. But the existence of an express contract does not need to be asserted, and we find the petition adequate to yield the inference that such a tacit understanding did exist. In *Jones v. Estate of McReynolds*, 762 S.W.2d 854 (Mo.App.E.D.1989), a case involving facts very similar to those in the instant case, we held that a petition of this variety filed in probate court sufficiently states a claim for quantum meruit. A claim for quantum meruit under an implied contract theory does not require the existence of an express agreement between the parties. *Id.* *Bennett v. Adams*, 362 S.W.2d 277 (Mo. App.S.D.1962). The implied contract/quantum meruit concept is that where one accepts valuable services under circumstances reasonably indicating that the party furnishing the services expected payment, the duty to pay may be imputed by law. *Bennett* at 280–81. Whether any such circumstances exist here is a matter of evidence, not probate pleading; we find that appellants have stated a claim under an implied contract theory for quantum meruit.

■ In a related argument, respondent contends that there is a legal presumption that the services rendered by appellants were given gratuitously, and that this justifies the probate court's dismissal of the petition. Even if respondent were correct in its interpretation of how presumptions operate in the area of implied contracts for services rendered, such presumptions are not irrebuttable and, therefore, do not justify judgment on the pleadings. As a general rule, the law presumes that when one renders valuable services for the benefit of another, compensation should be paid. *Buchweiser v. Estate of Laberer*, 695 S.W.2d 125, 128 (Mo. banc 1985). There are two situations where this presumption is reversed, i.e. where such services are presumed to have been given gratuitously: in the case where the services are performed by one family member for another, and in the case where a "special relationship" between the parties indicates gratuitousness. *Id.* *Estate of Moore*, 802 S.W.2d 192, 195 (Mo.App.S.D.1991). Respondent's position, one assumes, is that because appellants and Francis Holtmeyer were neighbors, the probate court was able to conclusively hold—without recourse to further facts—that special circumstances existed, precluding the possibility of an implied contract. The insupportability of this assertion scarcely bears mentioning. Whether a special relationship existed in this case so as to implicate the presumption of gratuitousness could only be determined upon a much

fuller factual record, and even then the presumption would only dispose of the case if appellants failed to rebut the presumption with clear and convincing evidence. *Id.*

Respondent also argues that appellants' claim is time barred by both the statutory limitation provision of § 516.120(1) and the equitable doctrine of laches. Section 516.120(1) establishes a five year limitation period for, inter alia, implied contract actions. The limitations period begins to run when the cause of action accrues. If all of the services allegedly performed by appellants for Francis Holtmeyer over the relevant 27 year period constitute a single, continuous whole, then the appellants' cause of action accrued when the last service was performed. *Estate of Cass,* 753 S.W.2d 632, 635 (Mo.App.S.D.1988). Appellants could thus recover for all 27 years of service, because they filed their claim within five years of this "last service" date. If the services rendered by appellants do not constitute a single continuous whole, however, appellants could only recover for such services as were performed in the five year period prior to the filing of their claim.

Appellants' petition does not list the dates on which work was performed, but simply states the number of years appellants provided the various services to Francis Holtmeyer. Respondent asserts that the petition does not allege continuous performance of the services, and thus appellants' action for services performed more than five years before the date of filing is barred. We disagree. This cause does not present an appropriate occasion for us to opine as to how much of a gap in time between services is acceptable before a series of services ceases to be continuous; we need only point out that a hiatus between services does not necessarily destroy 'continuousness.' *Id.* As the precedents clearly establish, the relevant inquiry is whether, at the time of the hiatus, the parties intend to resume the service arrangement. *Poage v. Parker,* 343 S.W.2d 203, 205 (Mo.App.W.D.1961). As such, the question of 'continuousness' is one of fact, the resolution of which is inappropriate at the pleading stage. *See Machens v. Estate of Machens,* 650 S.W.2d 19, 21 (Mo.App.E.D.1983). Appellants' petition alleges that services were provided for 27 years, and giving these allegations their "broadest intendment" as required by our standard of review, we cannot say, as a matter of law, that these services were not rendered as a continuous whole.

Similar considerations dispose of respondent's argument that the equitable doctrine of laches bars appellants' claim. While there is no ready-made test for invocation of the doctrine, as a general matter laches is appropriate where one party's needless delay materially prejudices a party-opponent. *Metropolitan St. Louis Sewer District v. Zykan,* 495 S.W.2d 643 (Mo.1973). Whether laches should apply is a question of fact to be decided after the presentation of evidence. *Id.* In the present case, respondent suggests that appellants' failure to bring suit until Francis Holtmeyer and his siblings were all either dead or incapacitated prejudices its case. Because we do not find groundless delay, we do not reach the question of prejudice to respondent. No information about the death or incapacity of the other two Holtmeyer siblings was properly before the trial court, so no judgment could be based on those facts. Respondent has submitted a supplemental legal file which contains records from the Estate of Everett Holtmeyer, Deceased, the Estate of Mary Holtmeyer, Incapacitated and Disabled, and the Estate of Francis Holtmeyer, Incapacitated and Disabled. Respondent suggests that these records were properly before the trial court. We disagree and, therefore, decline to consider them in deciding this appeal. Moreover, appellants' petition states that the services were provided to Francis Holtmeyer, not his siblings, and we accept this allegation for purposes of this appeal. Viewed thusly, appellants had no claim against the other Holtmeyers and, therefore, could not have been remiss in failing to bring one. Furthermore, casting the petition in its most favorable light, the implied contract between appellants and Francis Holtmeyer contemplated the provision of services until the latter's death, so that if appellants had sued before his death, a second debt would then accumulate for services rendered after the

first suit but before Francis' death. Respondent's laches argument is misplaced.

 Respondent, in its motion to dismiss, objects that appellants' claim was not "properly and timely filed." This suggestion is meritless. Section 473.360.1 establishes that a claim against a probate estate must be filed within six months of publication of the letters of administration. In this case, the letters were published on May 18, 1994, and appellants filed their claim on November 3, 1994. Nor is there any real question that the Estate's co-personal representative was timely served with a copy of the claim. Point denied.

 Respondent next argues that appellants' claim was rightly dismissed because it ran afoul of the abatement doctrine. Abatement, also known as the "pending action doctrine," holds that where a claim involves the same subject matter and parties as a previously-filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed. *State ex rel. J.E. Dunn v. Schoenlaub,* 668 S.W.2d 72, 74–5 (Mo. banc 1984). When deciding whether to grant a motion to dismiss on grounds of abatement, a trial court may look beyond the plaintiff's petition to the facts alleged in the movant's motion and supporting evidence attached thereto. *State ex inf. Riederer v. Collins,* 799 S.W.2d 644, 652 (Mo. App.W.D.1990). Respondent stated in its motion to dismiss that appellants' claim should abate because another cause of action between the same parties for the same cause was already pending in the Franklin County Probate Court; to wit, Cause Number CV293–293P(A). However, respondent did not include the relevant court documents evidencing the cause referred to. Without such documents, the only legitimate basis on which the trial court could find an abatement was the naked allegation contained in respondent's motion to dismiss, which of course is no basis at all. It is true that the trial court had the records from Cause Number CV293–293P(A) in its possession; but it could not consider them, since they were not introduced into the record of the present case. "A party is entitled to have the merits of his case reviewed upon the evidence properly introduced . . . and the trial court should not take into account evidence which the party has had no opportunity to refute, impeach, or explain." *In re Drew,* 637 S.W.2d 772, 778 (Mo.App.W.D.1982).

 In order for abatement to occur, the object and purpose of the two actions, as well as the principles of law raised, must be the same. *State ex rel. Dunger v. Mummert,* 871 S.W.2d 609, 610 (Mo.App.E.D.1994). The cause upon which respondent's abatement argument is premised consists of motions to rescind an option contract for the purchase of real estate that had been entered by the Pionteks and Francis Holtmeyer, and to determine title to the Holtmeyer farm. The issues raised in respondent's motions are whether appellants gave any consideration for the option to purchase the Holtmeyer farm, and whether Francis Holtmeyer had capacity to enter that option contract. The linchpin in respondent's abatement argument is that appellants are attempting to use the services which they performed on the Holtmeyer farm as the consideration for both the option contract and a dollar award under their implied contract claim. Leaving aside the issue of whether abatement would apply if the situation were as respondent portrays it, there is no record before this court wherein appellants assert that their services on the Holtmeyer farm were consideration for the option contract. No such allegation is found in respondent's motion to dismiss, and appellants apparently never filed an answer to respondent's motions in Cause Number CV293–293P(A) at all. Respondent asserts in its appellate brief that appellants took this position when respondent's motions were argued before the probate court, but his unsubstantiated assertion counts for nothing. If in fact appellants formally take the litigation position respondent now attributes to them, consolidation of the two actions may be appropriate. But even if appellants do so, abatement would be inappropriate, because the two actions do not share the same object and purpose. We hold that appellants' claim is not abated by Cause Number 293–293P(A).

Finally, respondent asserts that appellants' claim was defective because it attempts to recover for services performed by appellants' sons and employees. Respondent bases this assertion on Rule 52.01, which requires that the party bringing a lawsuit be the real party in interest. It is true that appellants' petition states that the services for which recovery is sought were performed by appellants' sons and employees, as well as by appellants themselves. However, review of the petition in the most favorable light generates the inference that appellants compensated their sons and employees for such services as they performed, in which case appellants are the real parties in interest, vis-a-vis their claim against respondent. If subsequent discovery evidence reveals that such is not the case, respondent would then be entitled to a dismissal of the petition to the extent that it seeks to recover for the services of appellants' sons and employees.

The judgment of the probate court is reversed, and this cause is remanded for further proceedings.

AHRENS, P.J., and GRIMM, J., concur.