**SHELTER MUTUAL INSURANCE COMPANY, Appellant,**

v.

**William MARQUIS d/b/a Brakes N' More, Respondent.**

**No. ED 81879.**

Missouri Court of Appeals, Eastern District, Division One.

June 3, 2003.

William Boyd Starnes, Reed, Armstrong, Gorman, Mudge & Morrissey, P.C., Edwardsville, IL, for appellant.

Lathrop & Gage, L.C., Brent W. Baldwin, Scott J. Dickenson, St. Louis, MO, for respondent.

MARY K. HOFF, Judge.

Shelter Mutual Insurance Company (Shelter) appeals from the judgment of the trial court dismissing without prejudice Shelter's petition for declaratory judgment against William Marquis d/b/a Brakes N' More (Marquis). We reverse.

Marquis was involved in an automobile accident on May 27, 1994, in St. Clair County, Illinois. On the date of the accident Marquis's vehicle was covered by an insurance policy (the policy) issued by Shelter, which included underinsured motorist protection. Marquis filed suit against Faith Shocker, the driver of the other vehicle, and "settled his lawsuit with Faith Shocker and dismissed the action without obtaining Shelter Mutual's consent."[1]

On August 24, 2001, Shelter filed a complaint for declaratory judgment in the United States District Court for the Southern District of Illinois, on the basis of diversity jurisdiction, seeking declaratory judgment regarding whether Marquis is entitled to underinsured motorist coverage under the policy. Marquis filed a motion to dismiss for lack of jurisdiction stating that he was a resident of the State of Missouri, and therefore no diversity of citizenship existed between the parties. Shelter conceded and the action was dismissed. On October 23, 2001, Shelter re-filed its petition for declaratory judgment in Franklin County, Missouri, the county in which Marquis resides.

After Shelter's complaint was filed in federal court, but before Marquis filed his motion to dismiss for lack of jurisdiction, Marquis filed a complaint in St. Clair County, Illinois, against Shelter for coverage under the policy, on September 21, 2001. Marquis then filed his motion to dismiss in federal court, resulting in the dismissal of that action. Marquis next filed a motion to dismiss Shelter's petition for declaratory judgment in Franklin County, Missouri, asserting that "[e]ach and every issue presented in the [Franklin County, Missouri action] is identical to issues presented in a lawsuit filed on September 21, 2001 in St. Clair County, Illinois...." Following Shelter's response to Marquis's motion to dismiss, the trial court entered judgment dismissing the case without prejudice, without providing explanation for the dismissal. Shelter appeals.

Where the trial court does not specify its reasons for dismissing a petition, we presume the trial court acted for one of the reasons stated in the motion to dismiss. *Johnson v. Vee Jay Cement*, 77 S.W.3d 84, 88 (Mo.App. E.D.2002). Therefore, we must assume Shelter's petition for declaratory judgment was dismissed because the trial court found the issues presented in the Franklin County, Missouri suit were identical to the issues presented in Marquis's action in St. Clair County, Illinois.

Shelter raises two points on appeal alleging the trial court erred in granting Marquis's motion to dismiss. In its first point, Shelter contends Marquis's motion to dismiss failed to assert grounds within the purview of Section 509.290 RSMo 2000 in that it does not allow for motions to dismiss on the grounds that identical issues are involved in another action pending in another state. In essence, Shelter argues Section 509.290 does not permit abatement of an action where the other action is pending in another state. In its second point, Shelter claims dismissal was improper because identical issues are not presented in both lawsuits.

---

1. Allegation that Marquis settled his lawsuit with Faith Shocker contained in Shelter's petition for declaratory judgment. We reach no conclusion as to the veracity of this allegation.

The doctrine of "[a]batement ... holds that where a claim involves the same subject matter and parties as a previously filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed." *Bellon Wrecking & Salvage Co. v. David Orf, Inc.*, 983 S.W.2d 541, 548 (Mo.App. E.D. 1998), *quoting Estate of Holtmeyer v. Piontek*, 913 S.W.2d 352, 357 (Mo.App. E.D.1996). Exclusive jurisdiction over the matter lies in the court in which the claim is first filed. *Id.* However, Section 509.290(8) and Rule 55.27(9), which codify the common law doctrine of abatement, state abatement is proper only when "there is another action pending between the same parties for the same cause *in this state.*" (Emphasis ours). Abatement applies only to intrastate litigation "and has not been extended by the Missouri courts to include pending actions in foreign jurisdictions." *Linn v. Moffitt*, 73 S.W.3d 629, 636 (Mo.App. E.D.2002), *quoting Chaney v. Cooper*, 954 S.W.2d 510, 517 (Mo.App. W.D.1997). Even if we were to find the issues in both suits to be identical, the fact that the actions were brought in different states bars application of the abatement doctrine.

Accordingly, the trial court was in error for dismissing Shelter's petition for declaratory judgment on the grounds that a similar action was pending between the parties in St. Clair County, Illinois. We reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

ROBERT G. DOWD, JR., P.J. and GEORGE W. DRAPER III, J., Concur.