220 S.W.3d 471 (2007)
In re the Matter of Alpha Dean WYMAN; Deceased,
Robert E. Sundell, Administrator Ad Litem; Appellant,
Jack Claytor and Jo Beth Claytor, Appellants,
v.
Joyce Andrews, Personal Representative, Respondent.
No. WD 67105.
Missouri Court of Appeals, Western District.
May 1, 2007.
*472 Creath S. Thorne, St. Joseph, Counsel for appellants, Jack and Jo Claytor.
Robert E. Sundell, Maryville, MO, pro se.
*473 John W. Baker, Jr., Maryville, MO, for respondent.
Before ROBERT G. ULRICH, P.J., THOMAS H. NEWTON, J., and GENE R. MARTIN, Sp. J.
THOMAS H. NEWTON, Judge.
The estate and heirs of Ms. Alpha Dean Wyman appeal the circuit court's judgment in favor of Ms. Joyce Andrews. We reverse and remand.

Factual and Procedural Background
After Ms. Wyman died, Ms. Joyce Andrews was appointed the personal representative of the Wyman estate. She filed a quantum meruit claim against the estate, requesting $64,000 for services rendered to Ms. Wyman over seventeen years. A personal representative ad litem was appointed to defend against the claim, and the estate and the heirs contested it. The trial court entered judgment for Ms. Andrews and awarded her $20,400 because it found that there was "no `family relationship'" between Ms. Wyman and Ms. Andrews, and that the heirs and the estate failed to meet their burden to show that Ms. Andrews gratuitously performed services for Ms. Wyman. The trial court did not determine whether Ms. Andrews shared a special relationship with Ms. Wyman even though the heirs and the estate argued that, as Ms. Wyman's closest friend, Ms. Andrews had to provide clear and convincing evidence to overcome the presumption that she gratuitously rendered the services. On appeal, the estate and the heirs argue that the trial court erred in granting judgment for Ms. Andrews because (1) the evidence "unequivocally established" that Ms. Andrews performed the services gratuitously, and (2) there was no competent evidence to support the claim. Because the first point is dispositive, we will not address the second point.

Standard of Review
In a bench-tried case concerning wills, our review is that of Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Estate of Moore, 802 S.W.2d 192, 194 (Mo. App. S.D.1991). Therefore, we will affirm if the decision is supported by the evidence, is not against the weight of the evidence, and neither misstates or misapplies the law. Murphy, 536 S.W.2d at 32.

Legal Analysis
The estate and the heirs assert that the trial court erred in granting judgment for Ms. Andrews because, at the time services were rendered, Ms. Andrews did not expect to be paid. The law presumes that a person expects compensation for their valuable services performed to benefit another unless the parties share familial ties, or are unrelated but have a special relationship from which a reasonable person would believe such services were gratuitously performed for the other. Estate of Holtmeyer v. Piontek, 913 S.W.2d 352, 355 (Mo.App. E.D.1996); Buchweiser v. Estate of Laberer, 695 S.W.2d 125, 128 (Mo. banc 1985). If the claimant had either relationship with the decedent, the law presumes that such services were gratuitously performed. Piontek, 913 S.W.2d at 355. The claimant can rebut the presumption by demonstrating with clear and convincing evidence that the decedent intended to pay the claimant. Id. at 355-356; Estate of Moore, 802 S.W.2d at 195. If neither relationship existed, those who oppose the claim have the burden to prove that the services were gratuitously performed. See Estate of Moore, 802 S.W.2d at 195; Buchweiser, 695 S.W.2d at 128.
At trial, Ms. Andrews testified that she was Ms. Wyman's closest friend; they spoke with each other everyday and did everything together. She testified that *474 she never required Ms. Wyman to do anything for her because she was still able to take care of herself and that she performed services that she "felt like [she] needed to do for [Ms. Wyman]." Ms. Andrews admitted that she was not expecting payment at the time she rendered services and that Ms. Wyman did not discuss compensating her through Ms. Wyman's will. The trial court found that Ms. Andrews was a friend to Ms. Wyman for many years but did not determine if the nature of their relationship would lead a reasonable person to believe that the services performed were gratuitous. Because written findings were not requested, this court deems all factual issues to be consistent with the judgment. Rule 73.01(c); In re Waldron, 910 S.W.2d 837, 838-39 (Mo.App. E.D.1995). Accordingly, the trial court implicitly found that the friendship between Ms. Andrews and Ms. Wyman would not lead a reasonable person to believe that the services Ms. Andrews performed were gratuitous. On the contrary, the record demonstrates that Ms. Andrews and Ms. Wyman had a relationship that would lead a reasonable person to believe that Ms. Andrews performed her services gratuitously.
Finding a special relationship existed, however, does not preclude remuneration. See Estate of Moore, 802 S.W.2d at 194-95. Instead, the law presumes that "payment was not intended," thereby shifting the burden to the claimant to rebut the presumption with clear and convincing evidence that the decedent intended to pay the claimant. Id. at 195. Thus, the judgment must be affirmed if there is clear and convincing evidence that Ms. Wyman intended to compensate Ms. Andrews for her services. See In re Waldron, 910 S.W.2d at 839; Estate of Moore, 802 S.W.2d at 195. Clear and convincing evidence "instantly tilts the scale in the affirmative when weighed against the evidence in opposition, and the fact finder's mind is left with an abiding conviction that the evidence is true." McCoy v. McCoy, 159 S.W.3d 473, 475 (Mo.App. W.D.2005) (internal quotation marks and citation omitted).
All the evidence suggests that Ms. Wyman and Ms. Andrews did not have an agreement that Ms. Andrews would be paid for her services. First, at her deposition and during trial, Ms. Andrews admitted that she did not expect payment at the time she rendered most of her services. Second, the reasons behind her services indicated that she acted out of kindness. For example, Ms. Andrews testified that she paid for lunch when they were out shopping or running errands because she knew Ms. Wyman could not afford to pay. When she paid for lunch, Ms. Wyman would say, "It's a good thing one of us is still working." This evidence suggests that Ms. Wyman believed that Ms. Andrews treated her to lunch as a gift of their friendship because Ms. Andrews could afford it since she was working. For a similar reason, she performed minor repairs to the home and cut Ms. Wyman's hair; she rendered those services so that Ms. Wyman would not have to "pay someone [else] to do it." Again, this testimony suggests that Ms. Andrews performed the services gratuitously and that Ms. Wyman accepted them as gifts of friendship. Finally, Ms. Andrews testified that she did not discuss compensation with Ms. Wyman for any of her services.
The only evidence indicating Ms. Wyman intended to pay Ms. Andrews was her statement, "I'll make it good with you some day," usually made after Ms. Andrews would return Ms. Wyman home after a visit to her doctor. Ms. Wyman would tell Ms. Andrews that she could not pay for gas but would make it good with *475 her someday. Yet, the statement is not clear and convincing evidence that an agreement to compensate for gas existed because Ms. Andrews sometimes would reply, "Well, that's okay Deanie." Ms. Andrews testified that she "felt responsible for [Ms. Wyman] because she didn't have anybody else" and that she would have "probably continued to do things for her" even if she knew that she would not receive compensation ultimately. Thus, this court finds no clear and convincing evidence to rebut the presumption that Ms. Andrews rendered her services gratuitously. This point is granted.

Conclusion
In conclusion, the trial court's decision is not supported by the record and it erroneously applied and declared the law. We reverse and remand for the trial court to enter judgment in favor of the estate and the heirs.
ROBERT G. ULRICH, P.J., and GENE R. MARTIN, Sp. J., concur.