**John ALLEN and Michelle Allen, Plaintiffs–Appellants,**

v.

**TITAN PROPANE, LLC and Wilma Cook, Defendants–Respondents,**

and

**Cornerstone Propane Operating, LLC, Defendant.**

No. SD 32179.

Missouri Court of Appeals, Southern District, Division Two.

July 1, 2013.

Richard L. Schnake, Springfield, MO, for Appellant.

Joanne S. Jackson and Jennifer R. Growcock, Springfield, MO, for Respondent Titan Propane.

Bradley R. Hansmann, Saint Louis, MO, for Respondent Wilma Cook.

JEFFREY W. BATES, J.

John and Michelle Allen (referred to individually as John and Michelle and collectively as Plaintiffs) appeal from a judgment dismissing with prejudice Plaintiffs' lawsuit against Titan Propane, LLC; its predecessor, Cornerstone Propane Operating, LLC; and Wilma Cook (referred to individually as Titan, Cornerstone and Cook, and collectively as Defendants).[1] While we agree the lawsuit should be dismissed, we reverse the judgment of dismissal with prejudice, and remand with directions that the trial court enter a judg-ment dismissing the underlying action *without* prejudice.

In March 2008, John agreed to install a new furnace at Cook's home. During the installation, a spark caused a propane explosion that injured John.

In May 2009, Plaintiffs filed suit against Titan, Cornerstone and Cook (Suit I) and obtained service upon all three defendants. In the original petition, John asserted a negligence theory against Titan and Cornerstone in Count I and a strict liability theory against those same defendants in Count II. John asserted a negligence theory against Cook in Count III. Michelle asserted a loss of consortium claim against Defendants in Count IV.

In August 2010, the court made a docket entry granting Cook's motion for summary judgment. In September 2010, the court entered an order of dismissal as to Cook. Plaintiffs' remaining claims against Cornerstone and Titan were unresolved. In February 2011, Titan filed a motion for summary judgment claiming that Plaintiffs' claims failed as a matter of law because: (1) the ordinary negligence theory asserted in Count I was barred by the notice requirement in § 323.060 RSMo Cum.Supp. (2008); and (2) John could not prove the strict liability theory alleged in Count II.

On July 19, 2011, the trial court entered a docket entry granting summary judgment against Plaintiffs on their claims against Titan. Plaintiffs' claims against Cornerstone were not affected by the ruling in favor of Titan. In that same docket entry, however, the court granted Plaintiffs leave to file a first amended petition.

In September 2011, Plaintiffs filed their first amended petition. This amended petition alleged claims by Plaintiffs against Titan, Cornerstone and Cook. Titan filed a

---

1. Because the Plaintiffs share the same last name, we refer to them individually by their first names for purposes of clarity.

motion to strike certain paragraphs of the amended petition and an alternative motion to dismiss the petition on the ground that it failed to state a claim against Titan.

In October 2011, the trial court made a docket entry sustaining Titan's motion. The court stated that "Plaintiffs' First Amended Petition is ordered dismissed. The clerk shall send a copy of this docket entry to all counsel of record." The docket entry was not denominated as a judgment, and the court's dismissal order did not state that the dismissal was with prejudice.

In February 2012, Plaintiffs filed a second amended petition. This petition contained three counts. In Count I, John sought damages from Titan and Cornerstone based upon their "gross negligence" by certain specified acts or omissions. In Count II, John sought damages from Cook based upon her alleged negligence. In Count III, Michelle asserted a loss of consortium claim against Defendants. Titan filed another motion to dismiss, which the court granted on March 14, 2012. The court made a docket entry which stated: "Plaintiff's Second Amended Petition showed [sic] not be filed herein. This case has been dismissed."

That same day, Plaintiffs filed a new suit against Defendants (Suit II). The allegations of the petition were identical to those contained in the second amended petition.

In May 2012, Titan and Cook filed a motion to dismiss. Insofar as relevant here, the motion asserted that Plaintiffs' lawsuit in Suit II was barred by *res judicata* and collateral estoppel. Titan and Cook asked the trial court to take judicial notice of the file in Suit I and dismiss Suit II with prejudice.

In June 2012, the court granted the motion to dismiss. The court entered a judgment in Suit II dismissing Plaintiffs' claims against Titan and Cook with prejudice. Thereafter, Plaintiffs voluntarily dismissed their claims against Cornerstone without prejudice. This appeal followed.

Appellate review of this court-tried case is governed by Rule 84.13(d). *Grider v. Tingle*, 325 S.W.3d 437, 440 (Mo.App. 2010).[2] "The trial court's judgment will be sustained unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Crossland v. Thompson*, 317 S.W.3d 635, 637 (Mo.App.2010).

■ Plaintiffs present four points, but we need address only the first as it is dispositive. In Point I, Plaintiffs contend the trial court erroneously applied the law by dismissing Suit II with prejudice based upon *res judicata* and/or collateral estoppel. Plaintiffs argue that neither doctrine applies because the record does not contain a final judgment, denominated as such and signed by the trial judge, that disposed of all claims and all parties in Suit I. We agree.

Neither *res judicata* nor collateral estoppel applies unless the first action was concluded by a final judgment on the merits and involved the same claim or issue sought to be precluded in the second action. *See, e.g., Dodson v. City of Wentzville*, 133 S.W.3d 528, 538 (Mo.App.2004). In order for there to be a final judgment in Suit I, the trial court needed to sign and file a written document, denominated as a judgment, that disposed of all claims against all parties. *See* Rule 74.01(a)-(b); *Seitz v. Seitz*, 107 S.W.3d 478, 483 (Mo. App.2003). Based upon our examination of the record, no final judgment was ever entered in Suit I.[3] Therefore, the various

2. All references to rules are to Missouri Court Rules (2013).

3. During oral argument before this Court, Plaintiffs' counsel and Defendants' counsel

rulings made by the trial court in Suit I remained interlocutory and subject to revision at any time before the entry of a final judgment. *See* Rule 74.01(b); *Golden Valley Disposal, LLC v. Jenkins Diesel Power, Inc.,* 183 S.W.3d 635, 641 (Mo.App. 2006). It was error for the trial court to dismiss Suit II with prejudice.

■ Nevertheless, the motion to dismiss filed by Titan and Cook was sufficient to support a dismissal without prejudice on a different ground. The motion, which asked the trial court to take judicial notice of Suit I, was sufficient to apprise the court that "there is another action pending between the same parties for the same cause in this state[.]" Rule 55.27(a)(9). Accordingly, Suit II was subject to dismissal without prejudice pursuant to the doctrine of abatement. *See Golden Valley,* 183 S.W.3d at 641–42. Point I is granted in part.

The judgment of dismissal with prejudice in Suit II is reversed. The cause is remanded with directions that the trial court enter a judgment dismissing Suit II without prejudice pursuant to Rule 55.27(a)(9).

DANIEL E. SCOTT, P.J., and MARY W. SHEFFIELD, J., concur.

agreed that no final judgment was entered in Suit I.