Anthony Rex Gabbert, Judge
Eugene Brooks Lilly, et al. (the Lillys) appeal the circuit court's judgment dismissing on abatement grounds a suit the Lillys brought against Polsinelli, PC, et al. (Owen and Polsinelli), which the Lillys concede to be identical to a suit already pending before the same court. The Lillys contend on appeal that the court erred in dismissing the second suit on abatement grounds because both suits were pending before the same judge in the same court, there was a legitimate justification for filing the second case, and an exception to the abatement doctrine applies. Owen and Polsinelli contend that we have no jurisdiction to reach the merits of the Lillys' claims, as the Lillys' second case was dismissed without prejudice. We agree with Owen and Polsinelli and dismiss this appeal for lack of jurisdiction.
*564 The Judgment from which the Lillys appeal shows that the Lillys' second suit was dismissed without prejudice on abatement grounds. "The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." City of Kansas City v. Ross , 508 S.W.3d 189, 192 (Mo. App. 2017) (internal citation and quotation marks omitted). "Nonetheless, an appeal from a dismissal without prejudice can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum." Avery Contracting, LLC v. Niehaus , 492 S.W.3d 159, 162 (Mo. banc 2016) (internal quotation marks and citation omitted).
The Lillys make no contention that the dismissal had the practical effect of terminating the litigation; the Lillys' initial suit is still pending. The Lillys' only claim with regard to Owen and Polsinelli's jurisdictional challenges is that this court has reviewed other cases wherein the trial court's dismissal was based on abatement. Yet, the Lillys fail to explain how any of the cases cited by the Lillys compel review of their case.[2] As noted, there are exceptions to the general rule of non-review, but the Lillys do not argue the existence of an exception.
The dissent, however, argues an exception for the Lillys. It is improper for us to speculate on facts and arguments that were not made by the parties. City of Lee's Summit v. Cook , 337 S.W.3d 757, 758 (Mo. App. 2011). "Our role as a neutral reviewing court forbids us from acting as an advocate." Mansfield v. Horner , 443 S.W.3d 627, 658 (Mo. App. 2014). Although we believe that the dissent's claims should not be entertained,[3] we find them meritless nonetheless.
The Lillys first filed their action against Owen and Polsinelli in the Johnson County District Court of Kansas ("Polsinelli Kansas "). The Lillys then filed the same action in the Jackson County Circuit Court of Missouri ("Polsinelli Missouri I "). Over Owen and Polsinelli's objection, the Lillys moved to dismiss Polsinelli Kansas and it was dismissed without prejudice. Owen's pending counterclaim was unaffected by the dismissal. The Lillys then filed a duplicate action in the Jackson County Circuit Court (Polsinelli Missouri II ). On Owen and Polsinelli's motion, the circuit court *565 dismissed Polsinelli Missouri II , without prejudice, on abatement grounds.
The dissent argues that the Lillys' appeal of that dismissal is reviewable because the Lillys cannot cure the dismissal by filing another suit, as it would again be dismissed on abatement grounds, and because the dismissal has the practical effect of terminating the litigation "in the form cast" by the Lillys. We disagree.
First, for a case to be dismissed on abatement grounds, the same cause of action must, at the very least, pend simultaneously in separately filed cases. U.S. Bank, N.A. v. Coverdell , 483 S.W.3d 390, 401 (Mo. App. 2015). Here, Polsinelli Missouri I will at some point be resolved. When it is, the Lillys may refile Polsinelli Missouri II. Although Polsinelli Missouri II may then be subject to dismissal on other grounds, such as res judicata or a time limitation, abatement will not be grounds for dismissal.[4]
Second, we disagree with the dissent's contention that Polsinelli Missouri II's filing date is part of "the form cast." The law cited by the dissent does not support such a broad interpretation of "the form cast"; it merely states that, where a petition is dismissed for failing to state a claim and the plaintiff chooses not to plead further, then a dismissal without prejudice is appealable because the form of the petition itself was found deficient.[5] McGaw v. McGaw , 468 S.W.3d 435, 439 n.5 (Mo. App. 2015). Obviously, a claimant cannot refile that same petition without it again being dismissed on the same grounds. Here, the form in which Polsinelli Missouri II is cast is the exact same form in which Polsinelli Missouri I is cast. The contents of the petitions are identical and Polsinelli Missouri I remains pending. Polsinelli Missouri II's dismissal does not deprive the Lillys of proceeding on their claims in "the form cast."
The dissent inflates "the form" of the petition to include filing dates as an equitable remedy to prevent the Lillys' claims from being time-barred. Yet, statutes of limitation are procedural in nature. Ferdinand v. State , 480 S.W.3d 330, 333 (Mo. App. 2016). They may be relevant and applicable, but they are external to the "form" of a case; they are peripheral to the substantive elements of a particular legal claim which form the basis of a sustainable petition that, if cast properly, will avoid defeat for failure to state a claim. Here, if the Lillys' claims are time-barred, the dismissal *566 of Polsinelli Missouri II is not the root cause; the root cause emanates from purposeful and strategic choices made by the Lillys.
The Kansas law cited by the dissent that potentially time-bars Polsinelli Missouri I dates to 2006. Smith v. Graham , 282 Kan. 651, 664, 147 P.3d 859, 868 (2006). Polsinelli Missouri I was filed in 2015. We must presume the Lillys were fully aware of the potential ramifications of filing Polsinelli Missouri I at the time they chose to file. Missouri Highway and Transp. Com'n v. Myers , 785 S.W.2d 70, 75 (Mo. banc 1990) ("Persons are conclusively presumed to know the law.") We must also presume that the Lillys were fully aware that, when duplicate cases are filed, the law allows for dismissal of the later-filed case. Rule 55.27(a)(9) and Section 509.290(8), RSMo 2000.
If Missouri was the Lillys' forum of choice, it was their obligation to properly secure that forum. They concede that they may have failed to do so. Nonetheless, contrary to the dissent's assertion, Polsinelli Missouri II was not the only means the Lillys had "to ensure that they preserved every possible response to the statute of limitations defense which Owen and Polsinelli have asserted."[6] Significantly, the Lillys could have refiled their claims in Kansas. As the abatement doctrine does not apply to cases pending concurrently by the same parties in the courts of different states,[7] refiling in Kansas would have accomplished the Lillys' stated objective without risk of dismissal. They chose not to refile.
In addressing the dissent's position on the merits of the Lillys' appeal, we note that the law is clear that the pendency of a prior action is "only grounds to stay or abate the later action." Sherman v. Missouri Professionals Mut.-Physicians Prof'l Indem. Ass'n , 516 S.W.3d 867, 869-70 (Mo. App. 2017). The Lillys never asked that Polsinelli Missouri II be stayed; they only requested consolidation of the cases. In now advocating that Polsinelli Missouri II should have been stayed, the dissent requests a remedy that was not before the trial court. "Appellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court." Barkley v. McKeever Enterprises, Inc. , 456 S.W.3d 829, 839 (Mo. banc 2015) (internal citation and quotation marks omitted). To find that the court should have consolidated the cases in lieu of abatement, we would necessarily have to conclude that the court erred in applying established precedent. We cannot.
The dissent argues that Owen and Polsinelli will suffer no prejudice if Polsinelli Missouri II is left pending. We disagree. We find inherent prejudice where a party has spent time and resources successfully defending a claim only to have a "neutral arbiter" mitigate the consequences of choices made by an opponent such that the time and resources expended *567 were all for naught. Further, we cannot ignore that the Lillys had the option to refile in Kansas and chose not to refile. When Polsinelli Kansas was dismissed, it was dismissed without prejudice, pursuant to the condition that, "upon refiling the matter will commence where it last finished" and "if Plaintiffs refile in Johnson County District Court, the Court reserve(s) the right to award attorney fees in the event that there is a duplication of process or duplication of any work in any Court in either Kansas or Missouri[.]" Under the Kansas court's dismissal order, Owen and Polsinelli might have been entitled to attorney fees had the Lillys refiled there. Owen's counterclaim in Polsinelli Kansas remains pending and is set for jury trial January 18, 2019. On the record before us, we cannot agree that Owen and Polsinelli will suffer no prejudice if forced to litigate Polsinelli Missouri II under the Lillys' chosen terms.
Having no jurisdiction to review the Lillys' claims, we dismiss their appeal.
Welsh, Presiding Judge, joins in the majority opinion Ahuja, Judge, dissents in separate opinion
DISSENTING OPINION

Planned Parenthood of Kansas v. Donnelly , 298 S.W.3d 8 (Mo. App. 2009), was an appeal from summary judgment; Shelter Mutual Ins. Co. v. Marquis , 110 S.W.3d 839, 840 (Mo. App. 2003), was an appeal from a judgment dismissing a case without prejudice, without providing explanation for the dismissal. Although the Eastern District presumed the case was dismissed because the issues presented in the Missouri case were identical to the issues presented in an Illinois case, appellate court review involved interpretation of Section 509.290(8), RSMo 2000. Id. ; Nicholls v. Lowther , 491 S.W.2d 3, 5 (Mo. App. 1973), involved a court's dismissal of a case based on motions alleging eight grounds for dismissal. The court's opinion addressed more than just the issue of abatement; similarly, Estate of Holtmeyer v. Piontek , 913 S.W.2d 352 [ (Mo. App. 1996) ], was an appeal from a judgment on the pleadings. The motion for judgment on the pleadings alleged several grounds and the court did not state on what ground(s) the court based its dismissal; Allen v. Titan Propane, LLC, 404 S.W.3d 914, 917 (Mo. App. 2013), involved an appeal of dismissal of a case, with prejudice, based on res judicata and/or collateral estoppel grounds. Our Southern District concluded that the trial court erred in dismissing on the grounds of res judicata and/or collateral estoppel, but found that the case should have been dismissed without prejudice on abatement grounds. Id.

Given that the Lillys did not appear for oral argument, we do not know that the Lillys would even support the particular arguments made by the dissent on their behalf.

Taken to its logical extreme, the dissent's argument suggests that any case dismissed on abatement grounds is appealable because of the futility of refiling while the first-filed duplicate case is pending. This, simply, is not the law.

The law cited by the dissent regarding the appealability of a dismissal that deprives a claimant of a chosen forum is equally inapplicable. In Burgett v. Thomas , 509 S.W.3d 840, 843 n.3, we reviewed a father's appeal of a court's dismissal of his custody suit because the court had dismissed for lack of jurisdiction after determining that the Uniform Child Custody Jurisdiction and Enforcement Act endowed Kansas with jurisdiction. Had the court erred in this conclusion, father would have been deprived of his right to proceed in Missouri. We, therefore, found it proper to review whether the court erred in concluding that it had no jurisdiction. Similarly, Roberts Holdings, Inc. v. Becca's Barkery, Inc. , 423 S.W.3d 920 (Mo. App. 2014), involved review of a dismissal for an inability to join indispensable parties "without prejudice to the refiling of [Appellant's] claims in the Superior Court of Spokane County, Washington" after the court determined that a forum selection clause granted the state of Washington exclusive jurisdiction over the dispute. Id. at 922. Our Southern District found the dismissal reviewable because the court's judgment prevented the appellant's case from proceeding in the appellant's chosen forum of Missouri. Id. at 927. Here, Polsinelli Missouri I is still pending in the Lillys' chosen forum.

The Lillys filed Polsinelli Missouri II on February 24, 2016. Owen and Polsinelli filed their motion for summary judgment in Polsinelli Missouri I citing the statute of limitations defense over a year and a half later on October 15, 2017. Given that Polsinelli Missouri II was filed prior to Owen and Polsinelli raising the statute of limitations issue, we cannot conclude, as the dissent does, that Polsinelli Missouri II was filed in response to that motion.

See Welch v. Contreras , 174 S.W.3d 53, 56 (Mo. App. 2005). For this reason, Owen and Polsinelli could not prevent dismissal of Polsinelli Kansas on abatement grounds when the Lillys moved to dismiss Polsinelli Kansas over their objection after filing Polsinelli Missouri I.